376 S.E.2d 110

**Rhonda L. GIBBS, Petitioner Below, Appellant,**

v.

**Lee W. BECHTOLD, Commissioner of the West Virginia Department of Motor Vehicles, Respondent Below, Appellee.**

**No. 18007.**

Supreme Court of Appeals of West Virginia.

Nov. 23, 1988.

George J. Cosenza, Cosenza & Underwood, Parkersburg, for appellant.

Charles G. Brown, III, Atty. Gen., Charleston, for appellee.

PER CURIAM:

Rhonda L. Gibbs appeals from an order entered by the Circuit Court of Doddridge County, which affirmed an order by Lee W. Bechtold, the Commissioner of the Department of Motor Vehicles. The Commissioner had administratively revoked her license to operate a motor vehicle for refusing to submit to a secondary chemical test to determine the alcohol content of her blood when she was suspected of operating a motor vehicle while under the influence of alcohol.

On February 24, 1985, while driving on Long Run Road, a winding, unmarked, and unmaintained two-lane secondary roadway in Doddridge County, Ms. Gibbs lost control of her automobile and landed in a culvert on the side of the road. It had been raining during the day and the roadway was wet. Ms. Gibbs suffered head trauma resulting in bruises to her face and a swollen jaw.

Trooper Gibson L. Clark, III, arrived at the scene, observed Ms. Gibbs' injuries, and noticed mood swings and that she smelled of alcohol. He then read her the Implied Consent form and asked her whether she would submit to a breathalyzer test. Later, the trooper again asked Ms. Gibbs whether she would submit to the test and proceeded to the magistrate's office upon her refusal. Because of her injuries, Ms. Gibbs does not recall the trooper's request. She maintains that her injuries interfered with her understanding the consequence of failing to take the test, but that her conduct did not constitute a refusal under W.Va.Code, 17C-5-7 (1983).[1]

On February 25, 1985, Trooper Clark filed an affidavit concerning the arrest with the Department of Motor Vehicles. The Department entered an order on March 8, 1985, suspending Ms. Gibbs' license for a one-year period. Ms. Gibbs requested a hearing.

On February 5, 1986, an examiner for the Department of Motor Vehicles conducted a hearing at which Trooper Clark and Ms. Gibbs appeared. Trooper Clark, on cross-examination, acknowledged that due to a head injury, a person might have mood swings, stagger, and not comprehend spoken requests. Ms. Gibbs admitted that she had consumed parts of a few beers during a day spent working on her parents' farm.

1. W.Va.Code, 17C-5-7 (1983), in effect when Ms. Gibbs was arrested, read:

"(a) If any person under arrest as specified in section four [§ 17C-5-4], of this Article refuses to submit to any secondary chemical test, the test shall not be given: Provided, that prior to such refusal, the person is given a written statement advising him that his refusal to submit to the secondary test finally designated will result in the revocation of his license to operate a motor vehicle in this State for a period of at least one year and up to life."

The statute was amended in 1986 when the following language was added:

"If a person initially refuses to submit to the designated secondary chemical test after being informed in writing of the consequences of such refusal, he shall be informed orally and in writing that after fifteen minutes said refusal shall be deemed to be final and the arresting officer shall after said period of time expires have no further duty to provide the person with an opportunity to take the secondary test."

We decide this case under the 1983 statute because the incident at issue in this proceeding occurred before the effective date of the amendment. However, we note that the trooper's conduct complied with the statutory change.

The Commissioner entered a further order dated August 28, 1986, affirming the suspension of Ms. Gibbs' license.

Ms. Gibbs then filed a petition for judicial review in the Circuit Court of Doddridge County and on October 28, 1986, the circuit court upheld the order of suspension. On appeal, Ms. Gibbs argues that the court erred in affirming an administrative decision which was clearly wrong, arbitrary and capricious, and an unwarranted exercise of discretion. *See Surratt v. Rutledge*, 167 W.Va. 903, 280 S.E.2d 726 (1981); *St. Mary's Hosp. v. State Health Planning & Dev. Agency*, 178 W.Va. 792, 364 S.E.2d 805 (1987). The scope of judicial review is controlled by W.Va.Code, 29A-5-4(g),[2] which, as stated in *Johnson v. State Dept. of Motor Vehicles*, 173 W.Va. 565, 570, 318 S.E.2d 616, 620 (1984):

> "clearly predicates the circuit court's authority to reverse an administrative order upon a showing, by the party seeking review, of prejudice to his substantial rights as a result of one or more of the statutorily enumerated grounds. Absent such a showing, the reviewing court has no statutory authority to reverse an order or decision of an administrative agency in a contested case. *Shepherdstown Volunteer Fire Dept. v. West Virginia Human Rights Comm'n*, [172] W.Va. [627], 309 S.E.2d 342 (1983)."

■ More particularly, she asserts that the evidence adduced at the administrative hearing supported her contention that the accident rendered her unable to comprehend and respond to Trooper Clark's requests and that her conduct was not a refusal, as set forth in the general rule in Syllabus Point 4 of *Jordan v. Roberts*, 161 W.Va. 750, 246 S.E.2d 259 (1978):

"Where the request is made to take the ultimately designated test under the implied consent law and the licensee by his conduct or words manifests a reluctance to take the test or qualifies his assent to take the test on factors that are extraneous to the procedures surrounding the test, proof of refusal is sufficiently established."

■ We addressed the question of whether silence manifested a refusal in Syllabus Point 1 of *In Re Matherly*, 177 W.Va. 507, 354 S.E.2d 603 (1987), wherein we said:

> "When the requirements of *W.Va. Code*, 17C-5-7 [1983] have otherwise been met, and a driver refuses to or fails otherwise to respond either affirmatively or negatively to an officer's request that he submit to a blood alcohol content test, the driver's refusal or failure to respond is a refusal to submit within the meaning of *W.Va.Code*, 17C-5-7 [1983]."

We refused in *Matherly* to engraft a specific intent requirement by holding that it must be proved that the refusal to take the test was knowingly made. Ms. Gibbs attempts to distinguish the facts in *Matherly*, where the driver claimed he was "too upset" from the accident to understand the officer's request.

■ The evidence about refusal from Trooper Clark suggests that he asked Ms. Gibbs to submit to a breathalyzer test, that he read an Informed Consent form to her, and that he gave her a written copy of the form, which he placed in her purse. He also asked her if she would like to have an ambulance called. She was able to understand that question as she indicated she did not desire one. The trooper also testified

2. W.Va.Code, 17C-5A-2(a) (1983), provides that all of the pertinent provisions of the Administrative Procedures Act, W.Va.Code, 29A-5-1, *et seq.*, shall apply when administrative sanctions include license revocation.

W.Va.Code, 29A-5-4(g), provides, in pertinent part:

"The Court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are:

\*    \*    \*    \*    \*    \*

"(5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

"(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

that her physical appearance and her reactions to his questions did not lead him to conclude that she was incapable of understanding what was happening.

Ms. Gibbs testified that while she remembered him reading something to her, she kept telling him that she did not understand what he was saying and that it was not until the next morning when she saw the Implied Consent form in her purse that she found out. Trooper Clark acknowledged that Ms. Gibbs sustained a significant blow to her head as a result of this accident. He took her to an emergency squad whose personnel examined Ms. Gibbs and gave her an ice pack. Ms. Gibbs testified that she did not take any medication for pain or receive other medical treatment for her injuries.

Upon the record presented in this case, we cannot conclude that the Commissioner was clearly wrong in holding that a preponderance of the evidence favored the officer's testimony. The circuit court, premising its review on W.Va.Code, 29A–5–4(g), correctly affirmed the Commissioner's order.

█ Ms. Gibbs also asserts that the record does not support the administrative decision because the Implied Consent form was never offered or admitted into evidence during the administrative hearing. We find no merit in this argument. The record contained sufficient probative evidence from which the Commissioner could conclude that the form had been read to Ms. Gibbs.

For the foregoing reasons, the judgment of the Circuit Court of Doddridge County is affirmed.

AFFIRMED.