423 S.E.2d 882

**WEST VIRGINIA DIVISION OF MOTOR VEHICLES, Appellee Below, Appellant,**

v.

**Mitchell CLINE, Appellant Below, Appellee.**

No. 20629.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 1992.

Decided Nov. 12, 1992.

Mario J. Palumbo, Atty. Gen. and Paul E. Jordan, Asst. Atty. Gen., Charleston, for appellant.

Andrew Chattin, Calwell & McCormick, Charleston, for appellee.

PER CURIAM:

The West Virginia Division of Motor Vehicles appeals an order of the Circuit Court of Kanawha County, which reversed the Division's order revoking the driver's license of Mitchell Cline for driving under the influence and remanded the case to the Division for an administrative hearing within thirty days. The Division contends that circuit court erred in requiring the Division to hold a hearing on the issue of implied consent when the issue of implied consent was not the basis for the Division's revocation of Mr. Cline's license. Because the record demonstrates an adequate basis for the revocation of Mr. Cline's license, we reverse.

At approximately 1:00 a.m. on November 12, 1988, Trooper C. E. Akers of the West Virginia State Police saw Mr. Cline leave a bar in the Blackbottom area of Logan, West Virginia. Shortly thereafter Trooper Akers saw that a pick-up truck driven by Mr. Cline was approximately two feet from the rear bumper of another vehicle. Trooper Akers followed Mr. Cline and saw Mr. Cline's truck move left of the center twice and continue to tailgate. When Trooper Akers stopped Mr. Cline, he noticed the smell of alcohol and Mr. Cline admitted to drinking a few beers. Trooper Akers administered two field sobriety tests, namely, walk-and-turn and one-leg-stand. After Mr. Cline failed both tests, Trooper Akers arrested Mr. Cline for driving under the influence.

Mr. Cline protested his arrest saying that he had been arrested for driving under the influence before and he did not think he should be arrested this time. After Mr. Cline was taken to jail, he refused to take the intoxilyzer test.

Later on November 12, 1988 Trooper Akers mailed a Statement of the Arresting Officer to the Division of Motor Vehicles. The form mailed by Trooper Akers is required by *W. Va. Code*, 17C–5A–1 [1986] for routine driving under the influence arrests. Trooper Akers did not send the form required by *W. Va. Code*, 17C–5–7 [1986] for cases involving a refusal to take a designated secondary chemical test.

On November 22, 1988, the Commissioner of the Division of Motor Vehicles issued an order revoking Mr. Cline's license for ten years for a second offense of driving under the influence. At Mr. Cline's request, an administrative hearing was held. Mr. Cline's hearing notice said that the hearing would concern whether Mr. Cline drove a motor vehicle under the influence of alcohol. Even though Mr. Cline's refusal to take the intoxilyzer test was not at issue, Trooper Akers testified and was cross-examined on Mr. Cline's alleged refusal to take the test. The hearing examiner intervened and informed the parties that the hearing concerned Mr. Cline's arrest for driving under the influence and not on the implied consent provisions.

On October 18, 1989, the Commissioner affirmed the revocation of Mr. Cline's license for ten years based on the evidence that Mr. Cline drove a motor vehicle under the influence of alcohol. The order said that because Mr. Cline was not notified of the implied consent rule, "[i]t would be unfair and improper to invoke this issue without the Defendant being allowed to prepare a proper defense on the matter." Mr. Cline appealed to the circuit court who found error in the Division's proceedings and ordered the Commissioner to hold another administrative hearing on the limited issue of implied consent. Alleging that the circuit court erred, the Division appealed to this Court.

I

■ The Division maintains that the circuit court erred in remanding this case for a hearing on the issue of implied consent. We note that the Division's order was based solely on Trooper Akers' testimony of his observations. Although Mr. Cline refused to take an intoxilyzer test, the Division's decision did not rely upon the implied

consent rule. Mr. Cline's notice said that the administrative hearing would concern whether Mr. Cline was driving under the influence. Even though the Division could have raised the issue of implied consent, the hearing was limited to the driving under the influence issue. The Division's final order noted the procedural question on the implied consent issue and based the revocation on Trooper Akers' testimony that Mr. Cline was driving under the influence.

◾ In Syllabus Point 1, *Albrecht v. State*, 173 W.Va. 268, 314 S.E.2d 859 (1984), we said:

There are no provisions in either W.Va. Code, 17C–5–1 (1981), *et seq.*, or W.Va. Code, 17C–5A–1 (1981), *et seq.*, that require the administration of a chemical sobriety test in order to prove that a motorist was driving under the influence of alcohol or drugs for purposes of making an administrative revocation of his driver's license.

*See* Syllabus, *Hinkle v. Bechtold,* 177 W.Va. 627, 355 S.E.2d 416 (1987) (holding that although chemical tests were administered, the Commissioner could rely solely upon the arresting officer's testimony to prove that the motorist was driving under the influence). We find that the Division's action of relying solely upon the arresting officer's testimony to prove that Mr. Cline was driving under the influence of alcohol was proper.

### II

◾ Mr. Cline maintains that there was insufficient evidence to revoke his license and requests that the Division's order be reversed and the case not be remanded. The record indicates that the arresting officer testified that he stopped Mr. Cline after the truck Mr. Cline was driving crossed the center of the road twice with a half mile and continued to tailgate. After detecting the smell of alcohol, the State Trooper administered two field sobriety tests, both of which Mr. Cline failed.

◾ In Syllabus Point 2, *Albrecht v. State, supra,* we said:

Where there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed alcoholic beverages, this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver's license for driving under the influence of alcohol.

In the present case, there is evidence to show that Mr. Cline operated a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed alcoholic beverages. We find this evidence is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of Mr. Cline's driver's license for driving under the influence of alcohol.

For the above stated reasons, we reverse the order of the Circuit Court of Kanawha County and affirm the administrative revocation of Mr. Cline's license.

Reversed.