431 S.E.2d 692

**Robert J. HINERMAN, Petitioner Below, Appellee,**

v.

**WEST VIRGINIA DEPARTMENT OF MOTOR VEHICLES, Respondent Below, Appellant.**

**No. 20905.**

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1993.

Decided June 11, 1993.

Mark A. Karl, Moundsville, for appellee.

Darrell V. McGraw, Jr., Atty. Gen., Paul E. Jordan, Sr. Asst. Atty. Gen., Charleston, for appellant.

PER CURIAM:

The West Virginia Department of Motor Vehicles appeals an order of the Circuit Court of Marshall County requiring the Department to hold a second administrative hearing concerning the revocation of Robert J. Hinerman's license for driving under the influence (DUI). The Department maintains that a second hearing should not be required to take Mr. Hinerman's testimony because Mr. Hinerman, after proper notification, chose not to appear at his administrative hearing. Because the record does not show that Mr. Hinerman's rights were prejudiced, we find that a second hearing should not be required and reverse the order of the circuit court.

About 4:00 a.m. on January 28, 1989, Patrolman L.E. Booton of the Moundsville City Police Department saw Mr. Hinerman slumped over the steering wheel of a pickup truck which was stopped at a green light with its engine running. When the officer opened the door to put the truck's transmission into park, he smelled alcohol and noticed that the then awakened driver's eyes were bloodshot and glassy. After Mr. Hinerman failed three field sobriety tests, he was arrested for DUI in violation of *W. Va. Code*, 17C–5–2(d) [1986]. Mr. Hinerman's secondary chemical test indicated a .15 blood alcohol level.

On February 9, 1989, the Department issued an order revoking Mr. Hinerman's license for ten years because of the current violation and a previous revocation that occurred in December 1985 when Mr. Hinerman refused to submit to a secondary chemical test. Mr. Hinerman requested an administrative hearing and after several

continuances the hearing was scheduled for June 6, 1989. Notice of the hearing was mailed to Mr. Hinerman's current address and his lawyer received a copy. Although Mr. Hinerman failed to appear at the hearing, his lawyer was present and cross-examined the arresting officer. At the conclusion of the hearing, Mr. Hinerman's lawyer said that although the hearing notice had been sent to Mr. Hinerman's current address Mr. Hinerman might not have the hearing notice because he is working out of state and then he "move[d] to keep the record open so Mr. Hinerman can appear." Mr. Hinerman's request was denied and after the Department affirmed the revocation, Mr. Hinerman appealed to the circuit court. Initially, the circuit court affirmed the revocation, but after considering Mr. Hinerman's motion for reconsideration, the circuit court ordered the Department to conduct a second hearing in order to consider Mr. Hinerman's testimony.[1] The Department then appealed to this Court.

 The scope of judicial review of decisions of the Department was stated in Syllabus Point 1, *Johnson v. State Dept. of Motor Vehicles*, 173 W.Va. 565, 318 S.E.2d 616 (1984):

"Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: (1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made

upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Syllabus Point 2, *Shepherdstown Volunteer Fire Dept. v. West Virginia Human Rights Comm'n*, [172] W.Va. [627], 309 S.E.2d 342 (1983).

*See also Cunningham v. Bechtold*, 186 W.Va. 474, 413 S.E.2d 129 (1991); *Gibbs v. Bechtold*, 180 W.Va. 216, 218, 376 S.E.2d 110, 112 (1988).

 Although *W.Va.Code* 29A–5–4(g) [1986] outlines the circumstances when a circuit court must reverse an administrative order, the code provides little guidance on when "[t]he court may ... remand the case for further proceedings." Given the limited resources of the Department (*see Cline v. Maxwell*, 189 W.Va. 362, 432 S.E.2d 32 (1993)), a decision to remand must be based on at least a showing of a procedural error, a violation of a substantial right held by the petitioner or a problem that occurred through no fault of the petitioner. *See CDS, Inc. v. Camper*, 189 W.Va. 63, 428 S.E.2d 44 (1993) (per curiam) (remanding a case to include inadvertently omitted reports). In the present case, Mr. Hinerman, after proper notice, failed to attend his administrative hearing. The record indicates that Mr. Hinerman was aware of the hearing but decided to go to work. Apparently Mr. Hinerman testified before the circuit court that "he had not slept for a number of hours, did drink beer and had consumed 'Nyquil' cold medication."[2] Given the circumstances, we find no justification for requiring the Department to conduct a second hearing.

---

1. The circuit court's order requiring a second hearing contained no findings of fact or conclusions of law. Rule 52(a) of the *W.Va. Rules of Civil Procedure* [1988] states that a trial court hearing a case without a jury shall state upon the record its findings of fact and conclusions of law. *See South Side Lumber Co. v. Stone Construction Co.*, 151 W.Va. 439, 152 S.E.2d 721 (1967).

2. The record does not contain a transcript of the circuit court hearing, but information concerning the hearing is contained a letter to circuit court from the prosecuting attorney who represented the Department below.

In Syllabus Point 2, *Albrecht v. State*, 173 W.Va. 268, 314 S.E.2d 859 (1984), we said:

Where there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed alcoholic beverages, this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver's license for driving under the influence of alcohol.

In the present case, the officer who arrested Mr. Hinerman testified that Mr. Hinerman failed three field sobriety tests and that the secondary chemical test indicated a 1.5 blood alcohol level. The officer was cross-examined at the administrative hearing by Mr. Hinerman's lawyer. We also note that in a letter dated May 3, 1990, Mr. Hinerman admitted that he had been drinking but claimed that he "was more exhausted than drunk." We find this evidence sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of Mr. Hinerman's driver's license for driving under the influence of alcohol.

For the above stated reasons, we reverse the order of the Circuit Court of Marshall County and affirm the administrative revocation of Mr. Hinerman's license.

Reversed.