464 S.E.2d 589

**Charles D. DEAN, Appellant**

v.

**WEST VIRGINIA DEPARTMENT OF MOTOR VEHICLES, Jane L. Cline, Commissioner, Appellee.**

No. 22860.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 26, 1995.

Decided Oct. 27, 1995.

V. Alan Riley, Keyser, for appellant.

Darrell V. McGraw, Jr., Attorney General and Paul E. Jordan, Senior Assistant Attorney General, Charleston, for appellee.

PER CURIAM:

This case is before this Court upon the appeal of Charles D. Dean from the final order of the Circuit Court of Hardy County, West Virginia, entered on August 15, 1994. As that order indicates, the circuit court affirmed the administrative revocation of the appellant's license to operate a motor vehicle for driving under the influence of alcohol. *W.Va.Code,* 17C–5A–2 [1992]. For the reasons stated below, this Court affirms the order of the circuit court.

**I**

On January 20, 1993, Trooper Steven R. Dawson of the West Virginia Department of Public Safety was advised that a two-vehicle accident had occurred on U.S. Route 220 near Moorefield, Hardy County, West Virginia. Upon arriving at the scene, Trooper Dawson determined that a Pontiac Firebird traveling north on U.S. Route 220, driven by the appellant, had crossed the center line and had struck a Chevrolet truck traveling south on that road. When Trooper Dawson approached the Pontiac Firebird, the appellant, still in the vehicle, was receiving treatment from emergency medical service personnel. At that time, Trooper Dawson noted "a strong odor of an alcoholic beverage" upon the appellant's breath.

The appellant was transported to Grant Memorial Hospital, and Trooper Dawson followed shortly thereafter. At the hospital, the appellant told Trooper Dawson that a vibration in the Pontiac Firebird had caused the appellant to lose control of the vehicle, thus causing the accident. The appellant also stated that he had consumed two beers prior to the accident. While speaking with the appellant at the hospital, Trooper Dawson again noted "a strong odor of an alcoholic beverage" upon the appellant's breath. Trooper Dawson then administered a horizontal gaze nystagmus (HGN) test to the appellant. The appellant failed the HGN test. As a result of the appellant's condition following the accident, no other field sobriety tests were administered. Moreover, the results of no blood, breath or urine tests appear in the record. Trooper Dawson arrested the appellant for driving under the influence of alcohol and notified the West Virginia Department of Motor Vehicles of the circumstances surrounding the accident.

On January 27, 1993, the Department of Motor Vehicles revoked the appellant's license to operate a motor vehicle. The appellant contested that revocation, and an evidentiary hearing was conducted by the Department. Following the hearing, the Commissioner of the Department of Motor Vehicles issued an order, dated January 31, 1994, finding that the appellant drove a motor vehicle in this State on January 20, 1993, while under the influence of alcohol. Based upon that finding, and upon the fact that the appellant's license had been revoked in 1989 for driving under the influence of alcohol, the appellant's license was revoked for ten years, with eligibility for reinstatement after five years. *W.Va.Code,* 17C–5A–2 [1992].

The Circuit Court of Hardy County, by order entered on August 15, 1994, affirmed the revocation of the appellant's license to operate a motor vehicle.

**II**

The provisions of chapter 17C, article 5A, of the West Virginia Code constitute the statutory framework for the administrative revocation of a license to operate a motor vehicle in this State for driving under the influence of alcohol. As stated in *W.Va.Code,* 17C–5A–2 [1992], however, judicial review of such revocation is under the State Administrative Procedures Act, *W.Va.Code,* 29A–1–1, *et seq. Boley v. Cline,* 193 W.Va. 311, 313, 456 S.E.2d 38, 40 (1995); syl. pt. 1, *Hinerman v. Department of Motor Vehicles,* 189 W.Va. 353, 431 S.E.2d 692 (1993); syl. pt. 1, *Johnson v. Department of Motor Vehicles,* 173 W.Va. 565, 318 S.E.2d 616 (1984).

Pursuant to *W.Va.Code,* 29A–5–4(g)(5) [1964], of the State Administrative Procedures Act, a circuit court shall reverse the decision of an administrative agency where the findings of the agency are "clearly wrong in view of the reliable, probative and substan-

tial evidence on the whole record." In affirming the January 31, 1994, order of the Department of Motor Vehicles, the circuit court found that the Department's decision was not clearly wrong. As the circuit court observed:

The evidence and testimony of the officer indicated that the vehicle, from his investigation of the scene, had crossed the center line; that he observed an odor of alcohol on the appellant at the time he arrived at the scene; that he did give the gaze nystagmus test, and believed as a result of that, testified as a result of that, that the appellant was under the influence of alcohol.

The appellant contends before this Court, however, that the evidence was insufficient to justify the revocation of his license because, as the appellant asserts: (1) the smell of an alcoholic beverage does not, in fact, establish that the beverage contained alcohol, (2) accidents such as the one in question often occur without the involvement of alcohol and (3) the appellant sustained head injuries in the accident, thus explaining the appellant's failure of the HGN test.

■ Nevertheless, our review of this case is guided by syllabus point 2 of *Albrecht v. State*, 173 W.Va. 268, 314 S.E.2d 859 (1984), in which we held:

Where there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed alcoholic beverages, this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver's license for driving under the influence of alcohol.

*See also* syl. pt. 1, *Boley v. Cline, supra;* syl. pt. 2, *Hinerman v. Department of Motor Vehicles, supra;* syl. pt. 2, *Division of Motor Vehicles v. Cline,* 188 W.Va. 273, 423 S.E.2d 882 (1992).

■ Moreover, in syllabus point 1 of *Albrecht,* we held:

There are no provisions in either W.Va. Code, 17C–5–1 (1981), *et seq.,* or W.Va. Code, 17C–5A–1 (1981), *et seq.,* that require the administration of a chemical so-

briety test in order to prove that a motorist was driving under the influence of alcohol or drugs for purposes of making an administrative revocation of his driver's license.

As we stated in *Boley, supra:* "The absence of a chemical test does not foreclose proof by other means of intoxication as a ground for license revocation." 193 W.Va. at 314, 456 S.E.2d at 41. *W.Va.Code,* 17C–5A–2 [1992]; *Albrecht,* 173 W.Va. at 271, 314 S.E.2d at 862; *Belknap v. Cline,* 190 W.Va. 590, 592 n. 5, 439 S.E.2d 455, 457 n. 5 (1993).

The *Boley* case involved the revocation of a license to operate a motor vehicle, where a driver was stopped by a state trooper for weaving upon the highway. Upon approaching the vehicle, the trooper noted the smell of beer coming from the driver. The trooper administered a HGN test, which the driver failed. All other evidence of driving under the influence of alcohol was excluded at the administrative level. The Department of Motor Vehicles revoked the driver's license, and the circuit court upheld the revocation. Upon appeal, this Court affirmed.

In *Boley,* we confirmed our recognition in prior cases that results concerning the HGN test may be considered as evidence upon the issue of whether a driver was under the influence of alcohol. *Cunningham v. Bechtold,* 186 W.Va. 474, 413 S.E.2d 129 (1991); *State v. Barker,* 179 W.Va. 194, 198, 366 S.E.2d 642, 646 (1988). We concluded, in *Boley,* that under the principles enunciated in syllabus points 1 and 2 of *Albrecht,* the record contained sufficient proof to warrant the revocation of the license.

■ In the case before this Court, it is undisputed that the accident was caused by the appellant's automobile crossing the center line on U.S. Route 220. Although the appellant asserted that a mechanical failure in his vehicle caused the accident, the record contains no evidence to confirm or deny that assertion. However, it is further undisputed that the appellant had been drinking prior to the accident. The appellant stated that he had consumed two beers, and as the Commissioner specifically found: "Charles D. Dean stated to Trooper Dawson that he had

been drinking prior to the accident, that he was the operator of the vehicle and that he had not consumed any alcoholic beverages after the accident." Furthermore, Trooper Dawson testified that, at the scene of the accident and later at the hospital, he noted "a strong odor of an alcoholic beverage" upon the appellant's breath. In addition, the appellant failed the horizontal gaze nystagmus test conducted by Trooper Dawson which indicated the influence of alcohol. Upon the latter point, although the appellant asserts that his head injuries could have negated the validity of the HGN test, the Commissioner had the opportunity to consider the evidence of that assertion and rejected the assertion.

In the *Albrecht* and *Division of Motor Vehicles v. Cline,* cases, *supra,* both of which upheld the administrative revocation of a license to operate a motor vehicle, the evidence included admissions by the driver that he had been drinking. In particular, as in this case, the driver in *Albrecht,* while in the hospital, admitted to the trooper that he had consumed beer prior to the accident. 173 W.Va. at 270, 314 S.E.2d at 861. Moreover, we observed in *Boley* that although the smell of alcohol or "drinker's breath" alone does not necessarily demonstrate intoxication, evidence of the smell of beer or alcoholic beverages is ordinarily a factor to be considered. 193 W.Va. at 314, 456 S.E.2d at 41.

Accordingly, upon all of the above, this Court is of the opinion that the record contains sufficient proof to warrant the Commissioner's revocation of the appellant's license to operate a motor vehicle.

Finally, the appellant asserts that the statutory framework for the administrative revocation of a license to operate a motor vehicle, for driving under the influence of alcohol, *W.Va.Code,* 17C–5A–1, *et seq.,* is essentially punitive in nature and similar to criminal prosecutions for driving under the influence of alcohol. The appellant asserts, therefore, that the State administrative revocation procedure violates federal and state constitutional protections against double jeopardy. *U.S. Const.* amend. V; *W.Va. Const.* art. III, § 5.

A careful review of the record before this Court, however, reveals that the double jeopardy issue was neither raised nor ruled upon below. Nor does that issue appear in the petition for appeal to this Court. The appellant first raises the double jeopardy issue in his brief filed in this Court in support of the petition.

A double jeopardy issue surrounding the administrative revocation of a driver's license was among the issues raised by the driver in *Wells v. Roberts,* 167 W.Va. 580, 280 S.E.2d 266 (1981). In *Wells,* as in this case, the double jeopardy issue was not raised below, and this Court concluded that the issue was not properly presented for decision on appeal. As stated in syllabus point 4 of *Wheeling Downs Racing Association v. West Virginia Sportservice, Inc.,* 157 W.Va. 93, 199 S.E.2d 308 (1973): "This Court will not consider questions, nonjurisdictional in their nature, which have not been acted upon by the trial court." That principle was cited in the *Wells* case. 167 W.Va. at 586, 280 S.E.2d at 270. Thus, this Court is of the opinion that the double jeopardy issue in this case was not properly raised for decision by this Court.*

The Circuit Court of Hardy County correctly affirmed the revocation of the appellant's license to operate a motor vehicle in this State, and, accordingly, the final order entered on August 15, 1994, is affirmed.

Affirmed.

---

* The type of double jeopardy issue raised by the appellant has been previously discussed by this Court. *See State v. Miller,* 194 W.Va. 3, 12 n. 14, 459 S.E.2d 114, 123 n. 14 (1995); *Wells,* 167 W.Va. at 585 n. 1, 280 S.E.2d at 270 n. 1; *Shell v. Bechtold,* 175 W.Va. 792, 796, 338 S.E.2d 393, 396 (1985) (revocation provisions are not penal in nature).