FILED

June 15, 2023

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Nos. 21-0371 – *Clint Casto v. Everett J. Frazier, Commissioner, West Virginia Division of Motor Vehicles*

Armstead, Justice, concurring, in part, and dissenting, in part:

I concur with the majority opinion's ultimate finding in this case that "the DMV has not established by a preponderance of the evidence that Mr. Casto was driving a motor vehicle while under the influence of controlled substances or drugs." However, in arriving at this conclusion, the majority opinion's analysis delves into an unnecessary discussion of the meaning of the phrase "under the influence" and concludes this discussion with a new syllabus point. As explained below, I believe the inclusion of this new syllabus point was unnecessary and improper because this case should have been resolved by simply applying the plain language of the statute that was in effect at the time of Mr. Casto's license revocation, West Virginia Code § 17C-5A-1(c) (2008).

The facts of this matter are straightforward and support the majority opinion's conclusion that "the DMV has not established by a preponderance of the evidence that Mr. Casto was driving a motor vehicle while under the influence of controlled substances or drugs." Mr. Casto requested a blood test, was given a ninety-panel screen, and was negative for all substances tested. Further, Mr. Casto did not admit to having used drugs or controlled substances; the investigating officer, Patrolman Montagu, did not detect an odor indicating drug use during his investigation; and Patrolman Montagu did not find any evidence of drugs, controlled substances, or associated paraphernalia on Mr. Casto or in his vehicle. The results of the three field sobriety tests were mixed. Based on the totality of the evidence, the majority opinion correctly ruled that the DMV failed to establish that

1

Mr. Casto was driving a motor vehicle while under the influence of controlled substances or drugs.

I emphasize that the Court's conclusion that the DMV failed to establish that Mr. Casto was driving a motor vehicle while under the influence of controlled substances or drugs is based on the totality of the evidence presented *in the instant case*. While the negative blood test was an important factor herein, nothing in this case should be construed to alter our previous holding that "[t]he absence of a chemical test does not foreclose proof by other means of intoxication as a ground for license revocation." *Dean v. W. Va. Dep't of Motor Vehicles*, 195 W. Va. 70, 72, 464 S.E.2d 589, 591 (1995) (internal citation omitted). Similarly, in syllabus point four of *Coll v. Cline*, 202 W. Va. 599, 505 S.E.2d 662 (1998), the Court held: "There are no provisions . . . that require the administration of a chemical sobriety test in order to prove that a motorist was driving under the influence of alcohol, controlled substances or drugs for purposes of making an administrative revocation of his or her driver's license."

While I agree with the majority opinion's ultimate conclusion, I disagree with the opinion's inclusion of a new syllabus point. The new syllabus point provides: "A person is 'under the influence' if the person (1) consumed, used, took, or ingested alcohol, controlled substances, or drugs and (2) the alcohol, controlled substances, drugs, or any combination thereof impaired the person's ability to operate a motor vehicle with ordinary care."

This Court has previously addressed when new syllabus points should be included in signed opinions. In syllabus point two of *Walker v. Doe*, 210 W. Va. 490, 558 S.E.2d 290 (2001), we held: "This Court will use signed opinions when new points of law are announced and those points will be articulated through syllabus points as required by our state constitution." (*Modified on other grounds by State v. McKinley*, 234 W. Va. 143, 764 S.E.2d 303 (2014)). The inclusion of a new syllabus point "presupposes that the subject case also presents *a new factual predicate* that the Court has not previously had occasion to consider and that the new syllabus point is necessary to explain how the law applies to the fact pattern then before the Court." *Wolfe v. Adkins*, 229 W. Va. 31, 40, 725 S.E.2d 200, 209 (2011) (Davis, J., concurring, in part, dissenting in part) (emphasis added).

The instant case does not present a new factual predicate that the Court has not previously had occasion to consider. Instead, this case involves a familiar factual scenario, a driver contesting the revocation of his driver's license. Therefore, a new syllabus point was not needed to resolve this matter.

This case should have been resolved by applying the plain language of the statute *that was in effect at the time* of Mr. Casto's license revocation, West Virginia Code § 17C-5A-1(c) (2008). It provides, in relevant part:

> If, upon examination of the written statement of the officer and the tests [sic] results described in subsection (b) of this section, the commissioner determines that a person committed an offense described in section two, article five of this chapter . . . and that the results of any secondary test or tests indicate that at the time the test or tests were administered the person had, in his or her blood, an alcohol concentration of eight hundredths of one percent or more, by weight, or at the

3

time the person committed the offense he or she was under the influence of alcohol, controlled substances or drugs, the commissioner shall make and enter an order revoking or suspending the person's license to operate a motor vehicle in this state.

*Id.*

The issue in this case is whether the DMV established that Mr. Casto was driving a motor vehicle while under the influence of controlled substances or drugs. I agree with the majority opinion's conclusion that the DMV failed to make this showing. That is the only finding the majority opinion needed to make to resolve this case.

As noted by the majority opinion, there have been recent statutory amendments to the procedure controlling driver's license revocations. *See* W. Va. Code § 17C-5A-1a (2020). However, the instant matter is governed by statutes that were in effect at the time of Mr. Casto's license revocation, prior to the amendments to our statutes that control license revocations. Based on these prior statutes that have since been amended, and in reliance on numerous cases from outside of our jurisdiction, the majority opinion enunciates a new syllabus point defining when a person is "under the influence." There is no reference to a particular statute in the new syllabus point. Because the majority has not cited authority based on current West Virginia statutory law, or relevant and applicable precedent of this Court, it is unclear whether the new syllabus point accurately states how "under the influence" was intended to be defined by the Legislature. Instead, I am concerned that the majority, while well-meaning, may be, in fact, creating its own definition of "under the influence." The definition of such terms must be left to the

4

Legislature to enact. Indeed, "[i]t is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten." *State v. Richards*, 206 W. Va. 573, 577, 526 S.E.2d 539, 543 (1999) (internal citation omitted).

I believe this new syllabus point was entirely unnecessary to resolve this case. Further, I cannot discern why a case that is being decided based on statutes that have since been amended includes the new syllabus point with a new definition of "under the influence." Therefore, I find that the new syllabus point and the discussion defining when a person is "under the influence" were unnecessary to resolve this case.

For these reasons, I concur in the result reached by the majority opinion but I respectfully dissent to the majority opinion's "under the influence" discussion and definition and its inclusion of a new syllabus point.