HERMAN C. HOUCHINS *et al. v.* CITY OF BECKLEY, *etc., et al.*

(No. 9628)

*and*

J. H. BUCHANAN *et al. v.* CITY OF BECKLEY, *etc., et al.*

(No. 9629)

Submitted October 10, 1944.   Decided December 5, 1944.

*George W. Williams,* for relators.
*Hutchinson & Trail,* for respondents.

KENNA, JUDGE:

In these two prohibition proceedings, identical in substance and form, and therefore by agreement submitted to-

gether, the prayers of the petitions ask this Court to prohibit the enforcement of certain judgments rendered against petitioners and in favor of Robert Wriston, G. C. Hedrick and Hal M. Scott, comprising and acting as the Sanitary Board of the City of Beckley, by George O. Mills and J. P. Meadows, justices of the peace of the magisterial district in which that city is located. The allegations of the petitions are in the main quite general, but they do clearly aver a provision contained in the city charter of Beckley, which, if valid, deprives justices of the peace of jurisdiction to hear and determine cases of the nature of those in which judgments against the petitioners were entered.

The Sanitary Board of the City of Beckley, the petitions allege, was created under Code, 16-13-32, and the judgments in question were based upon assessments levied by it in order to finance the retirement of revenue bonds, from the issuance and sale of which the present sewage system of the City of Beckley was constructed, the assessments in question having been imposed in accordance with the provisions of Code, 16-13-30. The allegations of the petitions undertake to raise the question of the validity of the laid levies by stating that their rate is not "just and equitable" as the statute in terms requires, but is exhorbitant and discriminatory. The petition alleges further that the Sanitary Board has, by unnecessarily high rates, accumulated and has on hand a fund of forty-five thousand dollars, which is far more than sufficient to meet all of its lawful expenditures.

The City of Beckley, its Sanitary Board, and the two named justices of the peace, appeared in response to the rules in both proceedings and, after having demurred to the petitions, filed their verified returns dealing with all phases of the sewage system of the City of Beckley, its origin, history, construction and financing, in elaborate detail, one of the exhibits being practically a financial statement of the Sanitary Board intended to sustain, among other allegations of the returns, the averment that its yearly income from "bills sent out" is thirty-five thousand dollars, and that that income is properly applied in

meeting an estimated general expense of thirteen thousand dollars per annum and to provide and maintain a sinking fund of seventeen thousand dollars per year to eventually retire a revenue bonded indebtedness of three hundred and six thousand dollars. The remaining five thousand dollars of the Board's annual income is for the purpose of meeting emergencies.

The returns deny practically all of the averments of the petitions and depositions were taken which went beyond the averments by showing that in certain instances the charges have been laid against occupants or tenants and not against the property owners of the occupied property in accordance with the statutory provision. The returns state, although the petitions do not so allege, that the charges made by the Sanitary Board against the users of the sewage system are based upon the amount of water used upon the premises as indicating the extent to which the sewers of the city are used for the purpose of removing the water supplied. The charge so made is subject to a deduction of the amount of water retained on the premises and not carried off by the sewer, the amount of water kept to be determined by a meter installed by the consumer and used, as in the case of a bottling company, to record gallonage of water that has come on the property but has not been disposed of through the sewers. Under the described method a minimum charge of fifty cents a month for the first two thousand gallons of water used, and fifteen cents per month for each additional thousand gallons used, was laid. The depositions taken by the relators were intended to sustain the general charge of discrimination by showing that certain users had been able to install meters used to measure their deductions while other users were either financially unable to buy or could not procure, at this time, the meters required for that purpose. The cases were submitted for decision upon the petitions, demurrers and returns of the respondents, and depositions taken on behalf of the relator.

Although prohibition lies as a matter of right, the allegations upon which it is based are required to be clear and

distinct, and the rule was issued in this matter due to the allegations of the petitions that the City of Beckley was operating under a charter provision which gave its municipal judge exclusive jurisdiction to entertain cases of the kind in which judgment had been rendered by justices of the peace against the relators within the corporate limits of that city. Since the civil jurisdiction of justices of the peace is fixed by Section 28, Article 8 of our Constitution, the Legislature, of course, cannot restrict the jurisdiction so established, and to the extent that the charter of the City of Beckley contains such an attempted limitation it is clearly unconstitutional and of no effect.

There is not an allegation contained in the petitions sufficient to raise the question of whether the charge complained of can be regularly laid against other than the owner of the property making use of the sewage system, such as tenants, in the light of the fact that the statutory provision plainly specifies that it shall be assessed against the property owners. Code, 16-13-30. For that reason we are not considering whether the Sanitary Board of the City of Beckley may exercise powers which exceed those granted it by the statute under which it is created.

As to the general charges of discrimination, exorbitancy, unfairness and lack of uniformity, treating them as well pleaded both in allegation and in denial, without evidence to sustain them, the conclusion which we believe cannot be avoided is that they have not been established. The method under which the charges are assessed, as shown by the returns, is perhaps unusual, but on the present showing we do not believe that it can be held to be either capricious or unfair. We believe that it is fair for a levying body to assume that the quantity of water supplied to a user within a municipality indicates the extent to which the city's sewage system is made use of, either directly or indirectly, by the property owners. We believe, also, that the method of arriving at a proper deduction by metering the water not so used and not carried off by the sewage system is, in the main, reasonable. Ordinarily the heavy users of water will not object to the expense of installing

a meter for that purpose, especially since its cost is made deductible from the amount of the bill due the Sanitary Board.

In the light of the foregoing, the issuance of the peremptory writs of prohibition will be denied and the relators' petitions dismissed.

*Writs denied.*