Frederick John ROBINSON, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 12992.

Court of Civil Appeals of Texas, Austin.

Aug. 1, 1979.

James S. Damron, Fowler, Fowler & Damron, Austin, for appellant.

James L. McMurtry, Travis County Atty., Ben C. Florey, Jr., Asst. County Atty., Austin, for appellee.

O'QUINN, Justice.

Frederick John Robinson appeals from judgment of county court at law in Travis County suspending for six months appellant's license to operate a motor vehicle.

The events culminating in this appeal began with proceedings, instituted in 1976 by the Department of Public Safety, in the course of which a justice of the peace determined that Robinson was "an habitual violator of the traffic law" (Article 6687b, sec. 22(b)(4), V.A.T.S.). The justice court probated suspension of Robinson's license on condition that "Licensee is not to be convicted of any moving traffic law violation received during his probationary period, or proven [sic] responsible for a motor vehicle accident."

Subsequently, during the period of probation, Robinson was served with a traffic

citation for speeding in Austin, for which violation he was convicted and fined at trial held *after* expiration of the probation period. Thereafter, upon receiving official report of the conviction, made pursuant to section 22(a), the Department of Public Safety initiated action to revoke Robinson's license on the ground that Robinson violated a condition of his probation, under authority of Article 6687b, sec. 22(f).

The proceeding was tried before the county court at law without aid of a jury. The trial court found that Robinson violated a condition of his probation and ordered his license suspended for six months. Robinson filed supersedeas bond and perfected appeal to this Court for review.

Appellant brings five points of error which appellant compresses in the statement that " . . . Robinson defends by asserting that the trial court was without jurisdiction to entertain the Department's action, that he did not in fact violate the terms of his probation order by its clear language, and that the Department is in fact prosecuting this action not for any protection of the public safety but in order to inflict additional punishment on him for the commission of traffic offenses which he has already paid fines for in violation of constitutional prohibitions against double jeopardy."

We will overrule all points of error and affirm judgment of the trial court.

Article 6687b, section 22(f), under which the Department of Public Safety initiated this proceeding provides that "The issue at the hearing shall be whether a term or condition of the probation has been violated." If the finding of the officer or judge presiding at the hearing " . . . is that a term or condition of the probation is violated, the department shall revoke or suspend the license as determined in the original hearing."

Robinson argues that although the "moving traffic violation" occurred during the probation period, a condition or term of the probation was not violated because Robinson was not tried and convicted of the traffic offense until after the end of the period of probation. It is undisputed that Robinson was served with a traffic citation for speeding within the period of his probation and that upon trial subsequently Robinson was found guilty and assessed a fine.

After report of Robinson's conviction reached the Department, the director proceeded as authorized under Article 6687b, sec. 22(f), with proceedings to suspend the license. We conclude that the pertinent jurisdictional fact occurred when Robinson was served with the traffic citation upon which he was subsequently convicted and fined, and that the fact trial took place after expiration of the period of probation is not controlling. *Ex parte Fennell*, 162 Tex.Crim.App. 286, 284 S.W.2d 727 (1955).

■ Proceedings under section 22 of Article 6687b for cancellation, suspension, and revocation of licenses to operate motor vehicles on the public highways are essentially civil in nature and have the obvious design to protect the public from any person, although holding a license duly issued by the Department, who is found for good reason to constitute a menace or danger to public safety. Section 22(b) enumerates the several grounds for revocation or suspension of a license. Among the grounds is that of being "an habitual violator of the traffic law." Sec. 22(b)(4).

That term is defined to " . . . mean any person with four (4) or more convictions arising out of different transactions in a consecutive period of twelve (12) months, or seven (7) or more convictions arising out of different transactions within a period of twenty-four (24) months, such convictions being for moving violations of the traffic laws of this state or its political subdivisions."

The trial court, on filing findings of fact and conclusions of law, found that Robinson, during the period from June of 1975 to May of 1977, had been charged on six moving traffic violations, for which he was convicted and paid fines. The offenses occurred in the five counties of Ellis, Harris, Travis, Williamson, and Kinney.

We have carefully examined the points of error brought by Robinson and considered arguments made in support of the points. We conclude that the trial court had jurisdiction to entertain the proceeding to suspend Robinson's license by reason of violating his probation following conviction as "an habitual violator of the traffic law." The trial court properly concluded that Robinson violated his probation, based on a showing that the offense of speeding had occurred during the period of probation and Robinson was served with citation at the time.

There is no showing that the Department prosecuted this action to inflict additional punishment on Robinson. It is evident that the Department acted on directives found in Article 6687b, section 22(f), upon the belief that a term or condition of the probation had been violated. A license is not suspended to visit additional punishment on an offender, "but in order to protect the public against incompetent and careless drivers." *Texas Department of Public Safety v. Richardson*, 384 S.W.2d 128, 132 (Tex.Sup.1964).

We affirm the judgment of the trial court.