Davidᴅ E. Wells

*v.*

Virginia L. Roberts,

Commissioner, Department of

Motor Vehicles, *and* R. R. Bolen,

Director, Driver Control Division,

Department Of Motor Vehicles

(No. 14397)

Decided July 14, 1981.

*Bogarad & Robertson and William R. Kiefer* for plaintiff.

*Chauncey H. Browning*, Attorney General, *Joseph P. Henry*, Assistant Attorney General, for defendant.

McHUGH, JUSTICE:

This is an appeal by David E. Wells from a final order of the Circuit Court of Kanawha County which denied the appellant's petition seeking a writ of prohibition to prevent the revocation of his operator's license by the appellees, Virginia L. Roberts, Commissioner of the Department of Motor Vehicles and R. R. Bolen, Director of the Driver Control Division of the Department of Motor Vehicles.

David E. Wells, a resident of Brooke County, West Virginia, was convicted of a first offense of driving while intoxicated in Belmont County, Ohio, in February of 1976. The appellant surrendered his West Virginia operator's license to the authorities in Ohio for two months as a result of his conviction. Notice of the appellant's conviction of driving while intoxicated in Ohio was sent to the West Virginia Department of Motor Vehicles (hereinafter DMV). On November 4, 1977, the DMV notified the appellant that his operator's license was being revoked for six months. The appellant requested an administrative hearing on the revocation and the DMV refused to hold such hearing.

On January 18, 1978, the appellant filed a petition for a writ of prohibition in the Circuit Court of Kanawha County and a rule in prohibition was issued. The appellees filed an answer admitting the facts in the petition but denying that *W. Va. Code*, 17B-3-6, required a hearing to be held in Wells' case. By an order dated September 7, 1978, which incorporated a letter opinion, the Circuit Court of Kanawha County denied the relief sought by Wells.

The appellant makes two assignments of error on this appeal: (1) The circuit court erred in denying the relief sought because *W.Va. Code*, 17B-3-6, prohibits the suspen-

sion of an operator's license without a hearing when such a hearing has been properly requested; and (2) The circuit court erred in denying the relief sought because the suspension of the appellant's operator's license by the DMV, after it had already been surrendered to authorities in Ohio for two months, constituted double jeopardy.

## I

The authority by which the DMV may revoke or suspend the operator's license of a West Virginia resident upon his conviction of certain offenses in a foreign jurisdiction is provided by *W.Va. Code*, 17B-3-3:

> The department is authorized to suspend or revoke the license of any resident of this State or the privilege of a nonresident to drive a motor vehicle in this State upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this State, would be a ground for the suspension or revocation of the license of an operator or chauffeur.

It is not contested that the appellant's conviction for driving while intoxicated in Ohio was an offense which, had it been committed in West Virginia, would be grounds for suspension or revocation of his license under *W.Va. Code*, 17C-5-2. The appellant argues, however, that his operator's license should not be revoked without a hearing. In making this argument the appellant relies upon *W.Va. Code*, 17B-3-5 and 17B-3-6. *W.Va. Code*, 17B-3-5, provides, in pertinent part:

> The department shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction of any of the following offenses, when such conviction has become final: . . . (2) Driving a motor vehicle while under the influence of intoxicating liquor. . . .

*W.Va. Code*, 17B-3-6, provides, in pertinent part:

> The department is hereby authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records

or other sufficient evidence that the licensee: (1) has committed an offense for which mandatory revocation of his license is required upon conviction; . . . or (7) has committed an offense in another state which if committed in this State would be a ground for suspension or revocation.

Upon suspending the license of any person as hereinbefore in this section authorized, the department shall immediately notify the licensee in writing, sent by registered mail to the address given by the licensee in applying for license, and upon his request shall afford him an opportunity for a hearing as soon as practical within not to exceed twenty days after receipt of such request. . . . Upon such hearing the department shall either rescind its order of suspension, or good cause appearing therefor, may extend the suspension of such license or revoke such license.

The appellant argues that the "clear terminology of these statutes" prevents the DMV's revocation of an operator's license without a hearing when such hearing is properly requested by the licensee after receipt of the notice of revocation. We agree that the language of the cited statutes is clear. We do not, however, accept the conclusion that the appellant urges us to draw from that language.

*W.Va. Code*, 17B-3-5, provides for a mandatory revocation of an operator's license upon receipt of a record of conviction of a specified offense when that conviction has become final. That section does not provide for an administrative hearing either before or after the revocation, but, rather for "forthwith" revocation. *W.Va. Code*, 17B-3-6, on the other hand, provides for discretionary suspension of an operator's license where there is evidence that the licensee has committed a specified offense. That section does provide for an administrative hearing upon request after which the suspension may be rescinded, extended or changed to a revocation.

Thus, there are significant differences between a revocation under *W.Va. Code*, 17B-3-5, and a suspension under *W.Va. Code*, 17B-3-6. *W.Va. Code*, 17B-3-6, by its terms, applies to the suspension of an operator's license

where there has not been a prior judicial determination of guilt on the underlying criminal charge as evidenced by a record of conviction. The hearing provision of *W.Va. Code,* 17B-3-6, is, by its own language, limited to a suspension "hereinbefore in this section authorized." *W.Va. Code,* 17B-3-6, does not apply to cases requiring mandatory revocation of an operator's license upon receipt of a record of conviction under *W.Va. Code,* 17B-3-5. *See State ex rel. Lemley v. Roberts,* 260 S.E.2d 850 (W.Va. (1979); *State ex rel. Vance v. Arthur,* 142 W.Va. 737, 98 S.E.2d 418 (1957). Where an offense is charged but not yet proven, the DMV, in the interest of protecting the public from highway hazards, is authorized to suspend the license of the person charged with the offense. In order to protect the licensee from mistake or arbitrary action, however, *W.Va. Code,* 17B-3-6, provides for a prompt administrative hearing because there has not been a prior judicial determination that the licensee is guilty of a vehicular offense that would justify a finding that he is a present danger to the public using the roads.

The situation contemplated by *W.Va. Code,* 17B-3-5, is different. A revocation under that section occurs only after there has been a judicial determination of guilt as evidenced by a record of conviction. Such record of conviction supports the determination that the licensee has been found guilty of committing a vehicular offense that would justify a finding that he is a present danger to the public using the roads. In such a case an administrative hearing is not necessary to protect the licensee from mistake or arbitrary action. His culpability has already been determined in a prior judicial proceeding.

As the circuit court correctly noted, the mandatory revocation procedure of *W.Va. Code,* 17B-3-5, does not violate the licensee's right to due process of law. A state may depend upon prior due process criminal trials as the basis for revocation of an operator's license without the necessity of an administrative due process hearing. *W.Va. Code,* 17B-3-5. *See Mackey v. Montrym,* 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979); *Dixon v. Love,* 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977); *Scott v. Hill,* 407 F.Supp.

301 (E.D.Va. 1976); *Almeida v. Lucey*, 372 F.Supp. 109 (D.Mass.), *aff'd.*, 419 U.S. 806, 95 S.Ct. 22, 42 L.Ed.2d 36 (1974); *Boyle v. Registrar of Motor Vehicles*, 368 Mass. 141, 331 N.E.2d 52 (1975).

As the Supreme Judicial Court of Massachusetts has recently said: "A determination of the facts by a [trial court] provided all the necessary elements of due process prior to revocation ... because the criminal proceeding decided the very issue which triggered the possibility of revocation—the licensee's liability for driving while intoxicated." *Registrar of Motor Vehicles v. Board of Appeal*, 1981 Mass. Adv. Sh. 1373, 416 N.E.2d 1373, 1379 (1981). Mandatory administrative revocation of an operator's license, without an administrative hearing, under *W.Va. Code*, 17B-3-5, where there has been a prior hearing and conviction on the underlying criminal charge, does not deny the person whose license is so revoked due process of law.

## II

The appellant's second assignment of error is that the denial of the writ was improper because the DMV's revocation of his license would constitute double jeopardy. The appellant does not argue that the circuit court's refusal to consider this issue was error but, rather, that it was error for the court to deny the writ because of his substantive double jeopardy claim.[1]

This issue was not raised in the appellant's petition for a writ of prohibition in the Circuit Court of Kanawha County and was neither addressed nor decided by that court. *See W.Va. Code*, 51-1-4; *Houchins v. Beckley*, 127

---

[1] Most courts that have considered similar claims, have consistently held that administrative revocation or suspension of an operator's license is not subject to a double jeopardy challenge. *See, e.g., Campbell v. State*, 491 P.2d 1385 (Colo. 1971); *Keenan v. Hardison*, 266 S.E.2d 205 (Ga. 1980); *Williams v. State*, 138 Ga. App. 662, 226 S.E.2d 816 (1976); *Hardin v. Van Natta*, 376 N.E.2d 518 (Ind. App. 1978); *State v. Edwards*, 353 So.2d 476 (La. App. 1977); *State v. Sinner*, 207 N.W.2d 495 (N.D. 1973); *Commonwealth v. Levy*, 194 Pa. Super. 390, 169 A.2d 596 (1961); *Robinson v. Texas Dept. of Public Safety*, 586 S.W.2d 604 (Tex. Civ. App. 1979); *State v. Scheffel*, 82 Wash.2d 872, 514 P.2d 1052 (1973).

W.Va. 306, 32 S.E.2d 286 (1944); *State ex rel. Collier v. County Court of Mingo County*, 97 W.Va. 615, 125 S.E.576 (1924).

> "It is essential that there has been a decision of an inferior court, since an appellate court is, on appeal, a court of review and not a court of first instance, exercising jurisdiction only in reviewing the rulings of the trial court, and being limited to a review of the judgment, order, or decree of the court from which the appeal is taken."

*City of Huntington v. Chesapeake & Potomac Telephone Co.*, 154 W.Va. 634, 177 S.E.2d 591, 595 (1970). The circuit court did not address, decide or otherwise rule on the double jeopardy issue raised by the appellant. That issue, therefore, is not properly presented for decision on this appeal. As a general rule "[t]his Court will not consider questions, nonjurisdictional in their nature, which have not been acted upon by the trial court." Syl. pt. 1, *Buffalo Mining Co. v. Martin*, 267 S.E.2d 721 (W. Va. 980).

The operator's license of the appellant was, however, revoked for two months by Ohio[2] and, in fairness and equity, we think that those two months should be credited towards the six months revocation in West Virginia.

The order of the Circuit Court of Kanawha County is affirmed.

*Affirmed*

---

[2] Although it is generally accepted that a state may properly withdraw the privilege of operating a vehicle on its highways from a resident of another state who violates the host state's laws, the question of whether the host state may properly revoke or suspend an operator's license issued by a sovereign sister state is not well settled. *See Commonwealth v. Lewvy*, n.1., *supra; W. Va. Code*, 17B-1C-1 (Article I). *Cf. Ohio Rev. Code Ann.* § 4507.16; *State v. Mendez*, 3 Ohio Op. 3d 352 (Ohio App. 1976).