294 S.E.2d 175

**John A. KEENAN**

v.

**Donald E. BORDENKIRCHER,
Superintendent West Virginia
Penitentiary.**

**No. 15413.**

Supreme Court of Appeals of
West Virginia.

July 8, 1982.

John C. Purbaugh, Charleston, James Moliterno, Wheeling, for appellant.

Chauncey H. Browning, Atty. Gen., and Joseph C. Cometti, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

On November 7, 1979, fifteen inmates of the West Virginia Penitentiary at Moundsville escaped from the prison. The appellant in this action, John A. Keenan, was one of those inmates. He was apprehended the following day near McMechen, West Virginia, was returned to the penitentiary and immediately placed in North Hall. On the same day that he was returned to the prison, the appellant was given a copy of the charge against him—violation of institutional rule no. IXB3 (escape). On November 20, 1979, Governor Rockefeller declared a State of Emergency at the penitentiary and suspended all rules and regulations. Subsequent thereto, a massive "shakedown" of the entire prison occurred.

In January of 1980, fifty-five days after his placement in North Hall, the appellant's disciplinary hearing was held. At the conclusion of the hearing, the appellant was found guilty and sentenced to ten years in North Hall, with the last three years of that sentence to be on probation. The appellant was released into the general prison population on October 30, 1981, by order of Warden Bordenkircher. Although the Warden reduced the appellant's punishment, he did so upon the condition that the appellant remain on good behavior. If he does not, the seven years in North Hall may be reimposed.

Several days after his disciplinary hearing was held, the appellant filed a writ of habeas corpus in the Circuit Court of Marshall County challenging his detention in North Hall. Specifically, he complained of the excessive time spent there before he was given a disciplinary hearing, the fact that he was placed in segregation since it was not necessary to an investigation of the charges against him, the fact that he was denied effective assistance of counsel at his hearing, and the conditions in North Hall in general. The circuit court issued the writ and a hearing was subsequently held. Following the hearing, the court denied relief and dismissed the writ.

■ The appellant assigns numerous errors in this appeal. A number of them attack the disciplinary hearing itself. We decline to reach these assignments on the basis that these issues were not raised in the appellant's petition for a writ of habeas corpus and were neither addressed nor decided by the trial court. Although the appellant attempted to raise these issues at a hearing, the court refused to let him do so because they were outside the scope of his petition and thus irrelevant to the issue at hand. "As a general rule '[t]his Court will not consider questions, nonjurisdictional in their nature, which have not been acted upon by the trial court.' Syl. pt. 1, *Buffalo Mining Co. v. Martin*, 165 W.Va. 10, 267 S.E.2d 721 (1980)." Syl. pt. 3, *Wells v. Roberts*, 167 W.Va. 580, 280 S.E.2d 266 (1981).

■ The appellant's first assignment of error which we address relates to the fifty-five day delay in holding his disciplinary hearing. There is no doubt, as the appellant contends, that the prison officials did not abide by our decision in *Tasker v. Griffith*, 160 W.Va. 739, 238 S.E.2d 229 (1977), where we held that "[o]rdinarily no prisoner may be confined in administrative segregation more than once or for more than three days for investigation into each charge of misconduct." *See* syl. pt. 5. We did not mandate in *Tasker* that the three-day limit would always apply in every situation. Indeed, here we have extraordinary circumstances. Fifteen inmates had escaped from the maximum security penitentiary, a hostage had been taken, an off-duty State Police trooper was murdered during the escape, a massive "shakedown" of the prison occurred, and by administrative order from the Governor the rules and regulations of the prison were suspended. Because the penitentiary was in this great state of turmoil, we do not believe fifty-five days was an unreasonable period within which to hold the appellant before his hearing. The principles of *Tasker* ordinarily apply; this was not an ordinary situation.

■ Appellant next argues that he should have been allowed to have the assistance of counsel at his disciplinary hearing. We held in *Harrah v. Leverette*, 165 W.Va. 665, 271 S.E.2d 322 (1980), that the presence of a government prosecutor at a disciplinary hearing entitles an inmate to counsel. Although there was an Assistant Attorney General present at the penitentiary in the months following the mass escape, he was not present at the appellant's disciplinary hearing. Therefore, we decline to hold that the appellant was entitled to be represented by counsel.

■ Finally, we address the issue of the appellant's lengthy sentence to punitive segregation in North Hall. We find that the ten-year sentence was disproportionate and even though the Warden ordered that the appellant be returned to the general prison population in October of 1981, he was returned with the continuing threat of punitive segregation hanging over his head if he in the future violated a prison rule. At the time he was released from North

Hall, the appellant had served approximately two years of his sentence. This is adequate punishment and therefore we find that the remainder of his sentence is void.

Accordingly, the judgment of the Circuit Court of Marshall County is affirmed in part and reversed in part. The case is remanded for proceedings consistent with this opinion.

Affirmed in part; reversed in part; and remanded.