# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert M.,**
**Petitioner Below, Petitioner,**

**FILED**

November 20, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 15-0002**        (Kanawha County 13-P-522)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert M., by counsel W. Jesse Forbes, appeals the December 5, 2014, order of the Circuit Court of Kanawha County, that denied his amended petition for writ of habeas corpus. Respondent Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial on June 2-3, 2009, petitioner was convicted of sexual abuse by a parent, guardian, custodian, or person in position of trust (Count One), and third degree sexual assault (Count Two).[1] He was sentenced to an indeterminate term of ten to twenty years on Count One, and an indeterminate term of one to five years on Count Two. The sentences were ordered to run consecutively. Petitioner was also ordered to serve a period of thirty years of supervised release as a convicted sex offender pursuant to West Virginia Code § 62-12-26.[2]

Petitioner was represented at trial by attorney John P. Sullivan. Upon a complaint filed by petitioner, the State Bar's Office of Disciplinary Counsel ("ODC") admonished Sullivan for not having sufficient contact with petitioner over the course of the proceedings; however, no findings were made as to whether Sullivan provided ineffective assistance of counsel to petitioner at trial. The ODC thereafter closed the complaint.

---

[1] The victim was thirteen years old.

[2] Petitioner's direct appeal of his conviction and sentence was subsequently refused by this Court.

1

Petitioner subsequently filed his first habeas petition in which he alleged ineffective assistance of trial counsel, failure of the State to disclose potentially exculpatory evidence, and improper prejudicial remarks by the prosecutor during closing argument. An omnibus hearing was conducted on September 1, and 8, 2011. Petitioner was represented by habeas counsel Scott Driver. Evidence was presented as to the ineffective assistance claim while the remaining two grounds were submitted on the record as they presented no question of fact.

Petitioner's first petition for habeas relief was denied by order entered March 21, 2012. Petitioner appealed the circuit court's order to this Court. This Court subsequently affirmed and adopted the circuit court's order denying relief. *See Robert M. v. Plumley*, No. 12-0493 (W.Va. Supreme Court, April 15, 2013) (memorandum decision).

Thereafter, petitioner filed the present habeas petition alleging that prior habeas counsel was ineffective for failing to adequately investigate petitioner's case prior to the omnibus hearing; failing to call certain witnesses to testify at his omnibus hearing; and failing to collect and present evidence as to two grounds raised in his first habeas petition. He further alleged that, but for these deficiencies, the results of his first habeas petition would have been different.[3] At the omnibus hearing conducted on June 26, 2014, and October 15, 2014, petitioner alleged the additional grounds of first habeas counsel's failure to offer into evidence a certain medical record of the victim and records from MySpace.com, a social networking site, and counsel's failure to correct a mistake in the first habeas order. The circuit court again denied habeas relief. This appeal followed.

We review the circuit court's order under the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner raises six assignments of error in which he alleges that the habeas court erred in finding that prior habeas counsel was not ineffective in (1) failing to move to correct an error in the first habeas order entered March 12, 2012, which specifically referenced

---

[3] In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

certain evidence that was not admitted at trial; (2) failing to adequately investigate petitioner's case; (3) failing to call certain witnesses who could have offered "substantial impeachment evidence" against the victim, her mother, and aunt; (4) failing to call an expert legal witness to testify at the first omnibus hearing for the purpose of demonstrating that, but for trial counsel's inadequate investigation, a reasonable likelihood exists that the outcome of the trial would have been different; (5) failing to question trial counsel regarding his (a) failure to introduce a certain medical record of the victim at trial, (b) failure to introduce evidence and/or testimony regarding the victim's alleged recantation of the abuse on MySpace.com, and (c) failure to introduce evidence and/or testimony of prior criminal convictions of the victim's mother and aunt, who were primary witnesses for the prosecution; and (6) failing to allow petitioner to call Heather M. as a witness during the omnibus hearing in the present matter, as she could have testified regarding the victim's alleged recantation on MySpace.com.

On appeal, petitioner reasserts several of the same claims that were rejected by the circuit court. However, upon our review, we find that, notwithstanding petitioner's argument to the contrary, the habeas court's December 5, 2014, order made no finding with respect to petitioner's fourth assignment of error—whether prior habeas counsel was ineffective for failing to call an expert legal witness. Moreover, "'[a]s a general rule "(t)his Court will not consider questions, nonjurisdictional in their nature, which have not been acted upon by the trial court." Syl. pt. 1, *Buffalo Mining Co. v. Martin,* 165 W.Va. 10, 267 S.E.2d 721 (1980).' Syllabus Point 3, *Wells v. Roberts,* 167 W.Va. 580, 280 S.E.2d 266 (1981)." *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 479 n.9, 686 S.E.2d 609, 619 n.9 (2009). In fact, petitioner's brief makes only a passing reference to this argument. In this regard, and without making any specific citation to the record, petitioner's brief states, "Mr. Hamilton testified that in his expert opinion that [sic] prior habeas counsel should have called a legal expert in the prior proceeding as it would have helped support Petitioner's claims of ineffective assistance of trial counsel therein. (AR [Vol.] 2)." *See* West Virginia Rules of Appellate Procedure 10(c)(7), in relevant part (requiring that argument in appellate brief "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal."). Because the issue is not properly before this Court, it will not be considered.

Likewise, with regard to petitioner's contention that the habeas court erred in finding that prior habeas counsel was not ineffective in failing to question trial counsel regarding his failure to present evidence of the criminal convictions of certain prosecution witnesses, we observe that petitioner makes no citation to the record indicating that he raised this issue before the habeas court and that he, thus, preserved the issue for purposes of this appeal. *See Evans v. United Bank, Inc.,* 235 W.Va. 619, __, 775 S.E.2d 500, 510 (2015) (observing that petitioners' argument failed to meet requirements of Rule 10(c)(7), and concluding, therefore, "the issue has been waived for purposes of appeal.").

Finally, with regard to petitioner's contention that witness Heather M. should have been permitted to testify at the omnibus hearing in the instant matter regarding deleted MySpace posts allegedly written by the victim that recanted her accusations against petitioner, we find no error. Following a proffer of her testimony at the omnibus hearing, the habeas court observed that the witness could not establish that the victim posted the statement and that "it would be hearsay for

3

[Heather M.] to report whatever the victim allegedly said on that . . . ." "'Rulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk,* 171 W.Va. 639, [643,] 301 S.E.2d 596, 599, (1983)." Syl. Pt. 2, *State v. Peyatt,* 173 W.Va. 317, 315 S.E.2d 574 (1983).

Upon our review and consideration of the circuit court's final order denying petitioner's amended petition for writ of habeas corpus, the parties' arguments, and record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on the errors he assigns on appeal. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error properly raised herein. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions. The Clerk is directed to attach a copy of the circuit court's December 5, 2014, order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Menis E. Ketchum

15-0002

RECEIVED DEC 11 2014 ✓

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA
ex rel. ROBERT ALLEN M       ,
     Petitioner,

v.

                                      Civil Action No. 13-P-522
                                      Louis H. Bloom, Judge

MARVIN PLUMLEY, Warden,
HUTTONSVILLE CORRECTIONAL CENTER,
     Respondent.

## FINAL ORDER

On June 26, 2014, and October 15, 2014, the Petitioner, Robert Allen M        ,

appeared in person and by videoconference, respectively, and by counsel, Jesse Forbes, for an

omnibus hearing on his *Amended Petition for Writ of Habeas Corpus (Petition)* filed on March 7,

2014. On both dates, assistant prosecuting attorney, Fred Giggenbach, appeared in person for the

Respondent. Upon review of the evidence presented at the omnibus hearing, the *Petition*, the

underlying criminal record, the underlying habeas record, and the applicable law, the Court is of

the opinion that the Petitioner's *Petition* should be denied based on the following findings of fact

and conclusions of law.

## FINDINGS OF FACT

1. In the November 2008 term, the Kanawha County Grand Jury indicted the Petitioner with

two felony counts: Count One, sexual abuse by a parent, guardian, custodian, or person in

position of trust; and Count Two, third degree sexual assault.

2. The Petitioner was represented at trial by John Sullivan, Assistant Public Defender for the

Kanawha County Public Defender Office. Following the jury trial, on June 2, 2009, the

Petitioner was found guilty of both Counts.[1]

---

[1] Trial Tr. 421:3–10, June 2, 2009.

1

3. On July 2, 2009, the Petitioner was sentenced to a term of incarceration of ten to twenty years for his conviction of Count One and a term of incarceration of one to five years for his conviction of Count Two, with sentences running consecutively. The Court also ordered the Petitioner to serve a period of thirty (30) years of supervised release as a convicted sex offender pursuant to W. Va. Code § 62-12-26.

4. On March 11, 2010, the Supreme Court of Appeals of West Virginia refused the Petitioner's direct appeal.

5. In October 2009, the Petitioner filed an ethics complaint with the West Virginia Lawyer Disciplinary Board against Mr. Sullivan. On April 6, 2011, the Board found that Mr. Sullivan's conduct "clearly fell short of the Rules of Professional Conduct in this matter" and admonished Mr. Sullivan for not having sufficient contact with the Petitioner. However, no findings were made by the Office of Disciplinary Counsel as to whether or not Mr. Sullivan provided "ineffective assistance of counsel" or whether "but-for" any such omissions or errors by Mr. Sullivan, the results of the proceedings would have been different. In fact, the Office of Disciplinary closed the complaint made by the Petitioner.

6. On July 15, 2011, the Petitioner filed his first habeas petition, by appointed counsel, Scott Driver, alleging (1) ineffective assistance of trial counsel; (2) the State's failure to disclose potentially exculpatory evidence; and (3) denial of a fair and impartial trial due to improper remarks by the prosecuting attorney. On September 1 and 6, 2011, this Court held an omnibus habeas corpus hearing as contemplated in W. Va. Code § 53-4A-1, *et seq.*, and further explicated in *Losh v. McKenzie.*[2] On March 21, 2012, the Court entered an *Order* denying habeas relief. The Petitioner appealed the denial to the West Virginia Supreme Court, which affirmed this Court's *Order* on April 16, 2013.

---

[2] 166 W. Va. 762, 277 S.E.2d 606 (1981).

7. In the instant *Petition*, the Petitioner alleges that Mr. Driver provided ineffective assistance of habeas counsel for failing to: (1) adequately investigate his case prior to the omnibus hearing, (2) call certain witnesses at his omnibus evidentiary hearing, (3) collect and present evidence as to two grounds raised in his first amended petition for writ of habeas corpus, and (4) but for these deficiencies, the result would have been different. The Petitioner also asserts he should be awarded a new *Losh* list because his habeas counsel was ineffective.

8. At the omnibus hearing on the instant *Petition*, the Petitioner called himself as a witness as well as Clifford Lee                and Jody Allen M,            as fact witnesses and Charles Richard Hamilton as an expert witness in criminal law and habeas corpus representation. The Respondent called Mr. Driver as a witness.

9. At the omnibus hearing on the instant *Petition*, the Petitioner raised other grounds for ineffective assistance of habeas counsel not raised in the *Petition*, including Mr. Driver's failure to offer Myspace records and a medical record and Mr. Driver's failure to correct a mistake in this Court's *Final Order Denying Petitioner's Amended Petition for Writ of Habeas Corpus* entered on the Petitioner's first habeas petition.

### DISCUSSION

10. The Petitioner alleges that Mr. Driver was ineffective for failing to adequately investigate his case prior to the omnibus hearing. Specifically, the Petitioner claims that several witnesses should have been interviewed and called to testify, including Jesse Jones, Teresa Jones, Ellen Pritt, Jody M          , and Brandy Hawkinberry. The Petitioner further claims that Mr. Driver should have questioned Mr. Sullivan about medical records, Myspace posts, and grand jury transcripts not introduced at trial. Lastly, the Petitioner claims that Mr. Driver was ineffective for

3

failing to correct a mistake in this Court's *Final Order* entered on the Petitioner's first habeas petition.

11. Ineffective assistance of counsel claims are governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.[3]

12. With regard to the first prong of the test, a petitioner must first "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."[4] The petitioner's burden in this regard is heavy because there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[5]

13. In reviewing counsel's performance under the first prong, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. . . ."[6] Therefore, a reviewing court must ask "whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue."[7] Moreover, counsel's strategic decisions must rest upon a reasonable investigation enabling him or her to make informed decisions about how to represent criminal clients.[8]

---

[3] Syl. pt. 5, *State v. Miller*, 194 W. Va. 3, 6, 459 S.E.2d 114, 117 (1995).
[4] *State ex rel. Myers v. Painter*, 213 W. Va. 32, 35, 576 S.E.2d 277, 280 (2002) (quoting Strickland, 466 U.S. at 690, 104 S.Ct. at 2066); *Miller*, 194 W. Va. at 15, 459 S.E.2d at 126.
[5] *Id.* at syl. pt. 4 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065).
[6] Syl. pt. 6, *Miller*, 194 W. Va. 3, 459 S.E.2d 114.
[7] *Id.*
[8] Syl. pt. 3, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 423 (1995).

4

14. With regard to the second prong of the test, a petitioner must show that counsel's performance, if deficient, adversely affected the outcome in a given case.[9] Therefore, a petitioner must demonstrate that the complained-of deficiency or errors of counsel resulted in prejudice or a "reasonable probability" that, in the absence of such error, the result of the proceedings would have been different.[10]

15. Finally, in deciding an ineffective assistance of counsel claim, the Supreme Court of Appeals of West Virginia has stated that a court may dispose of such claim "based solely on a petitioner's failure to meet either prong of the [Strickland] test."[11]

### Witnesses

16. At the omnibus hearing on the Petitioner's first habeas, the Petitioner offered no evidence as to what testimony would have been provided by Jesse Jones, Teresa Jones, Ellen Pritt, Jody M        , or Brandy Hawkinberry, but only made conclusory statements that Mr. Sullivan was ineffective because he failed to have said persons testify at trial.[12] Furthermore, at the time of the sexual assault there were only three people present: the Petitioner, Heather M        , and the victim, all three of whom testified at the trial.[13]

17. In the instant *Petition*, the Petitioner offers no evidence as to what testimony would have been provided by said persons had Mr. Driver called them, but only makes a conclusory statement that "several witnesses should have been called who were not . . . ."[14] At the omnibus hearing on the instant *Petition*, the Petitioner offered no evidence regarding what Jesse Jones,

---

[9] *Painter*, 213 W. Va. at 36, 576 S.E.2d at 281.
[10] *Id.*
[11] Syl. pt. 5, *Legursky*, 195 W. Va. 314, 465 S.E.2d 416.
[12] Pet'r Test., First Omnibus Hr'g Tr. 31–34, Sept. 1, 2011.
[13] *Id.* at 39; *see id.* at 43.
[14] *Am. Pet.* 6.

5

Teresa Jones, Ellen Pritt, or Brandy Hawkinberry[15] would have testified had they been called as witnesses.

18. The Petitioner did call Jody M      ., the Petitioner's brother, as a witness at the omnibus hearing. According to his testimony at the omnibus hearing, Jody M      would have testified that Angela Atkins, a witness who testified at trial that she drove the victim to a gas station to take a pregnancy test and subsequently to a hospital, is untruthful.[16] However, the victim corroborated Angela Atkins's testimony.[17] Further, Jody M      was not present when the Petitioner sexually abused the victim.[18] Jody M      would have also testified that the victim did not behave any differently after the incident occurred; however, Jody M testified that he does not know when the sexual abuse occurred.[19] Accordingly, assuming *arguendo* that Mr. Driver's performance was deficient, the Court is of the opinion that the Petitioner has failed to satisfy the second prong of *Strickland* and has failed to prove that the result of the first habeas petition would have differed had Mr. Driver interviewed or called the above-named additional witnesses.

*Documentary Evidence*

19. The Petitioner asserts that Mr. Driver was ineffective for failing to present evidence of Mr. Sullivan's failure to obtain grand jury transcripts and the victim's psychological or psychiatric reports, which could have been used for impeachment.[20] The Petitioner asserts a certain medical record should have been introduced at trial and that Mr. Driver was ineffective for not offering it during the Petitioner's first omnibus hearing. The Petitioner also asserts that

---

[15] In the omnibus hearing transcript, Brandy's last name is spelled "Hockenberry." In the *Amended Petition*, the name is spelled "Hawkinberry."
[16] Jody McDonald Test., Omnibus Hr'g Tr. 27, 30–31, June 26, 2014.
[17] Victim Test., Trial Tr. 208–09, 214, June 1, 2009.
[18] Jody McDonald Test., Omnibus Hr'g Tr. 43, June 26, 2014.
[19] *Id.* at 35:12–16, 36–37.
[20] *Am. Pet.* 6–7.

6

Mr. Driver should have further inquired into Mr. Sullivan's failure to investigate exculpatory Myspace posts allegedly made by the victim.

20. Regarding grand jury transcripts, the Petitioner offered no evidence related to grand jury transcripts at the omnibus hearings on the first and instant habeas petitions. Thus, this Court is of the opinion that the Petitioner has failed to satisfy *Strickland*.

21. Regarding psychological or psychiatric reports, the victim testified at trial that she visited a psychologist, but no testimony was offered at trial or at the omnibus hearings for the Petitioner's first or instant habeas on the substance of a psychologist or psychiatrist report.[21] Thus, the Court is of the opinion that, assuming *arguendo* that Mr. Driver's performance was deficient, the Petitioner has failed to satisfy the second prong of *Strickland* and has failed to show how any such report would have made a difference.

22. Regarding the medical record, at the omnibus hearing on the instant *Petition*, the Petitioner offered a "FamilyCare Pediatric Acute Care Form" into evidence.[22] The form indicates that the victim visited a doctor on November 11, 2008—the day after she was sexually abused.[23] The form does not contain any information relating to sexual abuse or assault. Mr. Sullivan did not offer the form into evidence; Mr. Driver did not question Mr. Sullivan about the form. Charles R. Hamilton, Esq., an expert in criminal law and habeas corpus representation, testified that Mr. Driver was ineffective for failing to question trial counsel about his failure to introduce the form at trial and was further ineffective for failing to offer said medical record as evidence in the prior habeas proceedings.[24] Specifically, counsel for the Petitioner argued that the form

---

[21] Victim Test., Trial Tr. at 219, June 1, 2009.

[22] Pet'r's ex. 1, Omnibus Hr'g Tr. 18, 103, Oct. 15, 2014.

[23] *See* Heather McDonald Test., Trial Tr. 262:5–9, June 1, 2009; Robert McDonald Test., Trial Tr. 337:15–18, June 2, 2009.

[24] Hamilton Test., Omnibus Hr'g Tr. 18–23, Oct. 15, 2014.

7

contains a section for sexual issues and that the section was left blank.[25] However, the Court finds that the section does not relate to sexual abuse, but rather, sexual development. The section is labelled "Genitalia" and contains items that may be circled if applicable: "Male: Testes descended bilaterally    No Masses or hernias                Circumcised           Tanner Stage:

_____    Female: No discharge    No labial adhesions      No erythema           Tanner

Stage: _____."[26] Accordingly, the Court is of the opinion that introducing the form at trial or during the omnibus hearing on the Petitioner's first habeas petition would not have made a difference.

23. Regarding the Myspace records, at the omnibus hearing on the instant *Petition*, counsel for the Petitioner proffered that Mr. Sullivan failed to investigate Myspace records showing that the victim recanted her allegations against the Petitioner.[27] However, during the omnibus hearing, the Petitioner did not offer Myspace records into evidence. Further, the State had no knowledge of any Myspace posts until the day of trial and, upon discovering the posts, immediately informed Mr. Sullivan.[28] Mr. Sullivan reviewed the posts, found no useful information, and could see no way to authenticate the posts even if they were useful.[29] Mr. Driver testified that he did not investigate the Myspace records because, as he states: "I didn't think that there was any chance that it would be deemed relevant or admissible for habeas purposes. I wasn't retrying the case . . . ."[30] Further, this Court and the West Virginia Supreme Court have already addressed whether Mr. Sullivan's decision to forego an investigation of the Myspace posts constituted ineffective assistance of counsel. The Petitioner asserted in his first

---

[25] Omnibus Hr'g Tr. 20–21, Oct. 15, 2014.

[26] Pet'r's ex. 1, Omnibus Hr'g Tr. 18, 103, Oct. 15, 2014.

[27] Omnibus Hr'g Tr. 49–50, June 26, 2014.

[28] Trial Tr. 154–56, June 1, 2009.

[29] Sullivan Test., First Omnibus Hr'g Tr. 96, September 6, 2011.

[30] Driver Test., Omnibus Hr'g Tr. 79:6–10, October 15, 2014.

habeas petition filed in Civil Action No. 11-MISC-187 that the victim's Myspace posts were potentially exculpatory. This Court, in its *Final Order* denying the Petitioner's first habeas petition, found the conclusory assertion that Myspace posts contained exculpatory information was not enough to prove that the posts indeed existed or contained exculpatory statements.[31] On April 16, 2013, the West Virginia Supreme Court affirmed this Court's finding, stating "we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised . . . ." Regarding the instant *Petition*, the Petitioner again provides only a conclusory statement that said posts may be exculpatory without producing any other specific evidence to support the existence or authenticity of the alleged posts. Because the Petitioner only provides conclusory statements regarding the Myspace posts, because the issue has already been addressed in past proceedings, and because the decisions of Mr. Sullivan and Mr. Driver to forego using or further investigating the Myspace records appear to be the result of sound trial strategy, the Court is of the opinion that the Petitioner has failed to satisfy *Strickland.*[32]

*Error in Previous Habeas Order*

24. The Petitioner asserts that Mr. Driver was ineffective for failing to attempt to correct this Court's finding its *Final Order* entered in Civil Action No. 11-MISC-187 that:

> At the criminal trial, the state introduced incriminating statements by the Petitioner, including a statement to law enforcement officers after he was charged with crimes in which the Petitioner said, "My life is over; I need some help." The Petitioner testified that Mr. Sullivan did in fact argue to keep that statement from being admitted at the Petitioner's trial, but without success. No amount of increased meetings with trial counsel or work by an investigator

---

[31] *Final Order Denying Petitioner's Amended Petition for Writ of Habeas Corpus* ¶ 16, Civil Action No. 11-MISC-187, Mar. 21, 2012.

[32] *See* Omnibus Hr'g Tr. 49–50, June 26, 2014.

would have changed the incriminating statements [made] by the Petitioner.[33]

In the Petitioner's first habeas, the Petitioner alleged that Mr. Sullivan was ineffective for failing to meet with him a sufficient number of times. In the above-quoted finding, the Court illustrated that an increase in meetings would not have made a difference in light of the incriminating evidence offered against the Petitioner. As the Petitioner conceded, the trial hinged upon whether the jury considered the victim or the Petitioner more credible.[34] Now, the Petitioner asserts and Mr. Driver admits that the statement was never offered during trial and that such finding is incorrect. Upon review of the underlying criminal record, it appears that the statement was excluded during a pre-trial suppression hearing outside the presence of the jury.[35] Even without the above-quoted finding, this Court's *Final Order* contains numerous other findings that illustrate (1) Mr. Sullivan's effectiveness as trial counsel and (2) reasons for the jury to question or discount the Petitioner's credibility.[36] Further, any allegation that Mr. Sullivan was ineffective for failing to object or argue against the admissibility or relevance of the statement is misplaced and irrelevant—the jury could not have been misled because the jury did not hear the statement. The Petitioner also asserts that the West Virginia Supreme Court may have been misled by the finding when it affirmed this Court's *Final Order*. The *Memorandum Decision* entered by the West Virginia Supreme Court on April 16, 2013, addresses whether or not Mr. Sullivan was ineffective trial counsel, not whether the Petitioner was wrongly convicted or whether the statement served to defeat the first habeas petition. For these reasons, the Court is of the opinion

---

[33] *Final Order Denying Petitioner's Amended Petition for Writ of Habeas Corpus* ¶ 8, Civil Action No. 11-MISC-187, Mar. 21, 2012.

[34] Pet'r Test., First Omnibus Hr'g Tr. 51, Sept. 1, 2011.

[35] Trial Tr. 12, 25–27, 313, June 1 and 2, 2009.

[36] *Final Order Denying Petitioner's Amended Petition for Writ of Habeas Corpus* ¶¶ 7, 9, 11 in part, 12–15, 17, 19, Civil Action No. 11-MISC-187, Mar. 21, 2012.

that, even if the error were corrected, it would not have rendered different results for the Petitioner.

*New Losh List*

25. Lastly, the Petitioner asserts that he is entitled to a new *Losh* list because Mr. Driver failed to raise issues at the omnibus hearing on the Petitioner's first petition. However, the Petitioner has provided no evidence indicating what issues were neglected during the first habeas proceeding. Thus, the Court is of the opinion that the Petitioner's request for a new *Losh* list must be denied.

## CONCLUSION OF LAW

For the reasons listed and discussed above, the Court finds and concludes that the Petitioner has failed to meet his burden of proof under *Strickland* for his claims of ineffective assistance of habeas counsel. Thus, this Court concludes as a matter of law that the Petitioner is not entitled to habeas corpus relief.

## DECISION

Accordingly, the Court does hereby **ORDER** that the *Petition* be **DENIED**. There being nothing further, the Court does further **ORDER** that the above-styled action be **DISMISSED** and **STRICKEN** from the docket of this Court. The objections of any party aggrieved by this *Final Order* are noted and preserved. The Clerk is **DIRECTED** to send a certified copy of this *Final Order* to all counsel of record and to the Petitioner.

ENTERED this __7__ day of December 2014.

**Louis H. Bloom, Judge**

Date: 12/9/14
Certified copies sent to:
____ counsel of record
____ parties
____ other
(please indicate)
By:
____ certified/1st class mail
____ fax
____ hand delivery
____ interdepartmental

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE COPY FROM THE RECORDS OF SAID COURT GIVEN UNDER MY HAND